```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
VICTOR PALAGUACHI, DANIEL
GALDAME, and MARCO MOROCHO, *on
behalf of themselves and other employees
similarly situated*,

                              Plaintiffs,

           -against-

ALL CITY REMODELING, INC., T&G
CONTRACTING INC., GEORGE
TSIMOYIANIS, and JOHN DOES 1-100, the
actual names of such individuals or entities being
unknown,

                              Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  12/18/17
```

15 Civ. 9688 (AT) (SDA)

**ORDER ENFORCING**
**SETTLEMENT**

ANALISA TORRES, District Judge:

      By letter motion dated November 7, 2017, Plaintiffs move to enforce a settlement agreement negotiated and approved pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, between Plaintiffs, a group of 83 employees, and Defendants All City Remodeling, Inc., T&G Contracting Inc., and George Tsimoyianis. Nov. 7, 2017 Letter, ECF No. 153. Plaintiffs contend that Defendants have not paid the first installment of $10,557.00, which was due on October 13, 2017 to Juan Correa, one of the individual Plaintiffs who settled this case. *Id.* at 1; Pls. Mem. at 1, ECF No. 159-1. By letter dated November 15, 2017, Defendants do not deny that they withheld payment from Correa. Rather, Defendants explain that they "uncovered" new information about amounts paid to Correa and debts Correa purportedly owes, and they move to modify the settlement agreement to offset those amounts. Nov. 15, 2017 Letter at 2, ECF No. 155. Following the exchange of letters, the Court set a briefing schedule and asked Defendants to address "whether the Court has the authority to modify a contract executed by the parties." ECF No. 156. On December 18, 2017, Plaintiffs filed another letter regarding Defendants' non-compliance with the second installment of settlement payments. Dec. 18, 2017 Letter, ECF No. 163. For the reasons stated below, Defendants' motion to modify the settlement is DENIED and Plaintiffs' request to enforce the settlement is GRANTED. The Court reserves judgment on Plaintiffs' request for attorneys' fees and on their Dec. 18, 2017 Letter.[1]

## BACKGROUND

      Plaintiffs commenced this FLSA collective action in December 2015, alleging that Defendants, a group of individuals and companies in the construction industry, failed to pay their

---

[1] Although the Court declines to rule on the Dec. 18, 2017 Letter, the parties shall comply with the Court-approved settlement agreement in this case. ECF No. 152.

employees a legal wage. Compl., ECF No. 1. Between March 2016 and April 2017, the parties engaged in document discovery, exchanging over 35,000 pages of documents. Consiglio Decl. ¶ 13, ECF No. 159. During that same period, they analyzed damages and discussed settlement. *Id.* On August 18, 2017, in accordance with the FLSA, the parties submitted their first proposed settlement agreement to the Court for approval. ECF No. 149. After the Court rejected this agreement because it contained overbroad releases of liability, ECF No. 150, the parties re-negotiated the releases and submitted the revised agreements, ECF No. 151-1, which the Court approved on September 13, 2017, ECF No. 152.

Now, after the settlement agreement was negotiated, executed, and approved by the Court, Defendants seek to modify it as to Correa. Defendants argue that modification is necessary because they discovered that they loaned Correa a sum of money that was unpaid and paid overtime to him for which they did not previously account. Nov. 15, 2017 Letter at 2. Defendants estimate that they loaned Correa $18,000 and paid him overtime totaling $46,150. Malave Aff. ¶¶ 9, 12, ECF No. 160-2; Defs. Opp. at 5, ECF No. 162. Correa denies receiving the overtime payments and testifies that the "loan" was in fact a bonus Defendants paid to him for finishing an important construction job on time. Correa Decl. ¶¶ 17–20, ECF No. 161.

## DISCUSSION

The Court begins from the premise that "a settlement agreement is a contract which is 'binding and conclusive' and is interpreted according to general principles of contract law." *Rispler v. Spitz*, 377 F. App'x 111, 112 (2d Cir. 2010) (quoting *Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999)). "If the terms of a settlement agreement are unambiguous, 'courts must take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself.'" *Wolf v. Wolf*, 59 F. App'x 403, 405 (2d Cir. 2003) (quoting *Palmadessa*, 173 F.3d at 484). "A district court may enforce a settlement agreement when it properly retains jurisdiction to do so . . . but the retention of jurisdiction does not permit the district court to modify the agreement's terms, absent special circumstances such as a material breach or duress." *Id.* (citing *In re Air Crash Disaster at John F. Kennedy Int'l Airport on June 24, 1975*, 687 F.2d 626, 629 (2d Cir. 1982)).

Defendants do not argue that a term of the settlement agreement is ambiguous, nor do they argue that traditional contract defenses such as mistake, fraud or duress justify modification. Their sole contention is that the Court has equitable power to "reasonably modify settlement agreements entered into by litigants," and that given the newly uncovered evidence, the Court should do so here. Defs. Mem. at 10, ECF No. 160-7.

Because "settlements are contracts, courts do not generally have the authority to modify them on the basis of equitable principles alone." *Dahingo v. Royal Caribbean Cruises, Ltd.*, 312 F. Supp. 2d 440, 446–47 (S.D.N.Y. 2004). In exercising the equitable power to oversee class action settlements, courts have limited power to modify settlement terms. For example, courts may modify a term that does not "implicate the ultimate obligations of the defendant," or when the terms "were not the product of negotiation and compromise by the parties," such as a court-imposed claim filing deadline. *Id.*

Here, the contract term that Defendants seek to modify falls into neither category. The payment to Correa affects Defendants' "ultimate obligations," *see id.*, because if the Court granted Defendants' motion, Defendants would pay less to Correa. And although Defendants characterize the modification they seek as "minor," the Court cannot agree. The modification would not be trivial from Correa's perspective, and in general, the amount paid to settle the case—essentially the contract's price term—is material and often the product of vigorous negotiation between the parties. *See DerOhannesian v. City of Albany*, 975 N.Y.S.2d 188, 191 (2013) ("Price is a material term of a contract."). Thus, the Court lacks the power to modify the settlement amount, a material term of the settlement. *See Wolf*, 59 F. App'x at 405; *Cty. of Suffolk v. Long Island Lighting Co.*, 14 F. Supp. 2d 260, 269–70 (E.D.N.Y.1998) ("The court's discretion rarely if ever extends to modifications which directly contradict the fundamental expectations under the original settlement."); *Dahingo*, 312 F. Supp. 2d at 446–47 (noting that the ability to modify a settlement contract term depends on whether it is "an integral part of the bargain" (citing *In re Crazy Eddie Sec. Litig.*, 906 F. Supp. 840, 845 (E.D.N.Y. 1995)).

Defendants' citation to forty-year-old cases involving class action settlement fund allocation does not alter the Court's conclusion. In *Beecher v. Able*, 575 F.2d 1010, 1016 (2d Cir. 1978), the court used its equitable powers to re-allocate settlement funds among class members, and in *Zients v. LaMorte*, 459 F.2d 628, 629–30 (2d Cir. 1972), the court permitted class members to submit claims after the expiration of a deadline enumerated in the settlement agreement. Neither circumstance is present here, and these cases do not support the relief Defendants seek. In *Beecher*, the Second Circuit acknowledged that courts, consistent with their "broad supervisory powers over the administration of class-action settlements," retain power to ensure the allocation of the settlement fund is equitable "[u]ntil the fund created by the settlement is actually distributed." 575 F.2d at 1016. By contrast, here, the FLSA settlement is not a Rule 23 class action, the Court is not administering a settlement fund, and the settlement payments have already been partially distributed. *See* Consiglio Decl. ¶ 88. More critically, and in contrast to the case here, *Beecher* and *Zients* involved courts acting to equitably redistribute a finite pool of settlement money; neither decision expanded or contracted the amount of defendants' overall settlement payment.

Even if the Court had the power to grant the relief Defendants seek, modifying the settlement would not be appropriate. To begin, there is a material dispute of fact over whether Defendants paid overtime and loaned money to Correa. *Compare* Malave Aff. ¶¶ 9, 12, *with* Correa Decl. ¶¶ 17–20. Moreover, it would not be a fair and just exercise of the Court's equitable power to modify the settlement where Defendants have waited until after the proverbial eleventh hour to request an offset of Correa's settlement. *Cf. Tri-Star Pictures, Inc. v. Leisure Time Prods., B.V.*, 17 F.3d 38, 44 (2d Cir. 1994) (noting that courts consider the defense of laches when exercising their equitable power, a defense which bars equitable relief when a party unreasonably delays). Finally, the Court is reluctant to grant such modification where it would undermine the FLSA's "uniquely protective" purpose: "to extend the frontiers of social progress by insuring . . . a fair day's pay for a fair day's work," *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)).

Having concluded that Defendants cannot modify the settlement, the Court grants

Plaintiffs' motion for enforcement of the settlement agreement. "A district court has the power to enforce summarily, on motion, a settlement agreement reached in a case that was pending before it." *BCM Dev., LLC v. Oprandy*, 490 F. App'x 409, 409 (2d Cir. 2013) (quoting *Meetings & Expositions Inc. v. Tandy Corp.*, 490 F.2d 714, 717 (2d Cir. 1974)). Here, there is no argument that the settlement agreement is invalid. Rather, the settlement was approved by this Court, and Defendants' obligations are unambiguous as to the amount owed to Correa.

## CONCLUSION

Accordingly, Plaintiffs' motion is GRANTED and Defendants' motion is DENIED.

The Clerk of Court is directed to enter judgment in favor of Correa for the amount of $10,557.00 and to terminate all pending motions.

By **December 29, 2017**, Plaintiffs shall submit an application for attorneys' fees on the post-settlement motions, including affidavits and contemporaneous billing records.

SO ORDERED.

Dated: December 18, 2017
     New York, New York

_____
ANALISA TORRES
United States District Judge

4