```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/20/2018__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VICTOR PALAGUACHI, DANIEL GALDAME, and MARCO MOROCHO, *on behalf of themselves and other employees similarly situated*,

        Plaintiffs,

-against-

ALL CITY REMODELING, INC., T&G CONTRACTING INC., GEORGE TSIMOYIANIS, and JOHN DOES 1-100, the actual names of such individuals or entities being unknown,

        Defendants.

15 Civ. 9688 (AT) (SDA)

**ORDER GRANTING ATTORNEYS' FEES**

ANALISA TORRES, District Judge:

  On December 10, 2015, Plaintiffs, a group of 83 employees, filed this action against Defendants, All City Remodeling, Inc., T&G Contracting Inc., George Tsimoyianis, and unnamed John Does, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiffs move for an award of attorneys' fees and costs incurred while drafting motions to enforce the Court-approved settlement agreement in this case. ECF No. 166. For the reasons stated below, Plaintiffs' motion is GRANTED in part and DENIED in part.

## BACKGROUND

  A brief summary of the procedural history is in order. On September 13, 2017, the Court approved the parties' settlement agreement, which awarded $550,000 to Plaintiffs and $275,000 in attorneys' fees (the "Agreement"). Agreement, ECF No. 151-1; Settlement Approval Order, ECF No. 152. Despite the Court's approval of the settlement, however, Defendants failed to make timely payments to Plaintiffs, necessitating several post-settlement motions. First, on December 1, 2017, Plaintiffs moved to enforce the Agreement because Defendants failed to pay $10,557 to Plaintiff Juan Correa. ECF No. 159. Then, on December 4, 2017, Defendants moved to modify the Agreement as to Correa, arguing that Defendants should be released from their obligation to pay him in light of a debt he owed to Defendants. ECF No. 160-7 at 5. On December 18, 2017, the Court granted Plaintiffs' motion to enforce the Agreement and denied Defendants' motion to modify the Agreement. ECF No. 164. In the same order, the Court warned the parties to comply with the Court-approved settlement. *Id.* at n.1.

  Despite that admonition, when the second installment payment came due, Defendants failed to make a timely payment. As a result, by letter motion dated January 17, 2018, Plaintiffs moved the Court to enforce the Agreement a second time. ECF No. 169. Plaintiffs sought to

enforce payment of "the entirety of the second-installment payments under the settlement agreement" — an amount totaling $420,626.50.  *Id.*  Defendants did not respond, and on February 1, 2018, the Court granted the second motion to enforce the Agreement.  ECF No. 170.

On December 29, 2017, Plaintiffs filed a request for $35,925.00 for fees and costs incurred as a result of the foregoing motion practice ($35,450.00 in attorneys' fees and $475.00 in costs).  Pl. Mem. at 3, ECF No. 166-7.  Defendants argue that the fees are "unreasonable and excessive."  Def. Mem. at 1, ECF No. 167.  On January 17, 2018, Plaintiffs submitted their reply and revised billing records, bringing the total amount requested to $38,642.50 (comprising $37,432.50 in attorneys' fees and $1,210.00 in costs).  Pl. Reply at 1–2, ECF No. 168; Revised Billing Record, ECF No. 168-1.

## DISCUSSION

The FLSA is a fee-shifting statute that entitles plaintiffs to recover reasonable costs and attorneys' fees incurred in successfully prosecuting wage-and-hour actions.  29 U.S.C. § 216(b). Counsel may also recover for "fees on fees" — that is, the hours billed and costs incurred in preparing motions for attorneys' fees.  *Jimenez v. KLB Foods, Inc.*, No. 12 Civ. 6796, 2015 WL 3947273, at *4 (S.D.N.Y. June 29, 2015) (collecting cases); *De Los Santos v. Just Wood Furniture, Inc.*, No. 05 Civ. 9369, 2010 WL 445886, at *4 (S.D.N.Y. Feb. 2, 2010) (same).

I. <u>Attorneys' Fees</u>

In the Second Circuit, courts determine a presumptively reasonable fee award by first calculating a lodestar amount, "the product of a reasonable hourly rate and the reasonable number of hours required by the case."  *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014) (quoting *Milllea v. Metro-N. R.R.*, 658 F.3d 154, 166 (2d Cir. 2011)).  "The reasonable hourly rate is the rate a paying client would be willing to pay," taking into consideration the prevailing hourly rates in the district.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).  The hours used in this calculation must be "reasonably expended," rather than "excessive, redundant, or otherwise unnecessary."  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

A. <u>Reasonable Rate</u>

Plaintiffs seek a total of $37,432.50 in attorneys' fees.  This amount represents the work of three lawyers and one staff member from the firm Cary Kane LLP.  Consiglio Decl. ¶¶ 45, 52, 56–58, ECF No. 166-1.

Defendants do not challenge the hourly rates of Plaintiffs' attorneys and staff, and the Court finds them reasonable here in light of the experience of counsel, the going rates in the district, and counsel's fine work representing Plaintiffs here.  Larry Cary, a named partner who has 33 years of experience, charges $450 per hour, which is a reasonable rate in this district. Consiglio Decl. ¶ 55; *Lora v. J. V. Car Wash, LTC.*, No. 11 Civ. 9010, 2015 WL 4496847, at *7 (S.D.N.Y. July 24, 2015), *adopted by Lora v. J.V. Car Wash, Ltd.*, 2015 WL 7302755 (S.D.N.Y. Nov. 18, 2015) (collecting cases and finding $500 per hour to be reasonable for a partner with 28 years of experience).  Anthony Consiglio, an associate who charges $325 per hour, has

approximately 6 years of experience.  *Id.* ¶¶ 38, 40.  Tara Jensen, an associate who also charges $325 per hour, has 9 years of experience.  *Id.* ¶¶ 50–52.   Such a rate for associates is reasonable.  *Long v. HSBC USA Inc.*, No. 14 Civ. 6233, 2016 WL 4764939, at *11 (S.D.N.Y. Sept. 13, 2016) (awarding $330 and $400 to associates with 6 years of experience); *Mills v. Capital One, N.A.*, No. 14 Civ. 1937, 2015 WL 5730008, at *10 (S.D.N.Y. Sept. 30, 2015) (awarding $325 to associates with 4 years of experience).  Finally, Jessica Cabrera, a paralegal who provided Spanish translation services, charges $125 per hour, which is also reasonable.  Consiglio Decl. ¶¶ 14, 57–58; *Boutros v. JTC Painting & Decorating Corp.*, No. 12 Civ. 7576, 2014 WL 3925281, at *6 (S.D.N.Y. Aug. 8, 2014).

        B.        Hours Billed

In total, Plaintiffs request compensation for the 116.6 hours billed here: approximately 88.6 of those hours were spent enforcing the settlement and 28 hours were spent preparing the instant motion for attorneys' fees.

Defendants dispute the bills on the ground they are excessive.  Def. Mem. at 1.  Plaintiffs argue that, because the post-settlement motion practice was necessitated by Defendants' obstruction and failure to make timely payments, Defendants brought the attorneys' fees "upon themselves."  Pl. Mem. at 3.  In response, Defendants contend that they sought a "good-faith modification of the Settlement," and were not obstructionist.  Def. Mem. at 3.

Although the Court finds Defendants' characterization of the post-settlement litigation innacurate,[1] it nevertheless agrees with Defendants that the hours billed by Plaintiffs are excessive here.  "In calculating reasonable hours, the essential consideration is whether a reasonable attorney would have expended similar hours in pursuit of the case."  *Gonzalez v. Scalinatella, Inc.*, 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015).  By way of a benchmark, the Court has previously found 135 hours reasonable for a wage-and-hour case that "proceeded to trial and involved extensive briefing and damages calculations."  *See* Order Mot. Att'y Fees at 2, *Romero v. Anjdev Enterprises, Inc.*, No. 14 Civ 457 (S.D.N.Y. Apr. 11, 2017), ECF No. 100; *see also Hernandez v. JRPAC Inc.*, No. 14 Civ. 4176, 2017 WL 66325, at *2 (S.D.N.Y. Jan. 6, 2017) (finding over 150 hours reasonable for a three-day FLSA bench trial).  That is, Plaintiffs billed a number of hours for post-settlement litigation — here, 116 —that is comparable to the amount of time attorneys spend to prosecute an entire FLSA action.

As far as the hours billed for preparing the instant attorneys' fees motion, 28 hours is too high.  *See, e.g.*, *Guo*, 2016 WL 452319, at *7 (finding the 13.8 hours spent preparing an attorneys' fee application "disproportionately high"); *Jimenez*, 2015 WL 3947273, at *4 (awarding 7.2 hours to compensate for preparing motion for attorneys' fees).

A district court has discretion in determining the amount of a fee award.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).  "An across-the-board percentage cut[ ] in hours [is] a practical means of trimming fat from a fee application."  *Gurung v. Malhotra*, 851 F. Supp. 2d

---

[1] After the Court rejected Defendants' request to modify the Agreement, Defendants failed — for a second time — to pay what they owed.  Defendants offer no explanation for this failure now.  And when Plaintiffs filed their second motion to the enforce the Agreement, Defendants did not respond.

583, 598 (S.D.N.Y. 2012) (citing *In re "Agent Orange" Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987)).

Accordingly, the Court will reduce the hours across the board to account for the inffeciencies of Plaintiffs' counsel. *See Agent Orange*, 818 F.2d at 237 ("[A]mple authority supports reduction in the lodestar figure for overstaffing as well as for other forms of duplicative or inefficient work."). The Court reduces the hours spent on the attorneys' fees motion by 50%. Therefore, as reflected in the chart below, Consiglio will receive compensation for 13.05 hours, Cary for .8 hours, and Jensen for .15 hours.

| **Attorneys' Fees Motion** | | | | |
|---|---|---|---|---|
| **Name** | **Original Hours** | **Hours After Reduction** | **Rate** | **Fees Granted** |
| Consiglio | 26.1 | 13.05 | $325 | $4,241.25 |
| Cary | 1.6 | 0.8 | $450 | $360.00 |
| Jensen | 0.3 | 0.15 | $325 | $48.75 |
| **Total** | | | | **$4,650.00** |

As far as the time billed on the post-settlement enforcement motions — 88.6 hours — the Court will reduce them by 25% to account for inefficiencies of counsel. As reflected in the chart below, Plaintiffs' counsel will recover on 66.45 hours for these motions: 49.05 for Consiglio, 3.375 for Cabrera; 1.425 for Cary, and 12.6 hours for Jensen.

| **Post-Settlement Enforcement Motions** | | | | |
|---|---|---|---|---|
| **Name** | **Original Hours** | **Hours After Reduction** | **Rate** | **Fees Granted** |
| Consiglio | 65.4 | 49.05 | $325 | $15,941.25 |
| Cabrera | 4.5 | 3.375 | $125 | $421.88 |
| Cary | 1.9 | 1.425 | $450 | $641.25 |
| Jensen | 16.8 | 12.6 | $325 | $4,095.00 |
| **Total** | | | | **$21,099.38** |

Accordingly, the Court will award $4,650 for the instant motion and $21,099.38 for the post-settlement enforcement motions.

II.     Costs

"[A]ttorney's fees awards include those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (alteration in original) (quoting *U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989)). Such expenses must be substantiated by documentation, such as docketed fees, invoices, receipts, or sworn declarations. *Hernandez*, 2017 WL 66325, at *2.

Plaintiffs seek $1,210 in costs, to which Defendants do not object. According to Plaintiffs' counsel, this sum represents: (1) $475 paid to obtain a certified translation of Juan Correa's declaration opposing Defendants' motion to modify the Agreement, Consiglio Decl. ¶ 16; *see also* Translation Invoice, ECF No. 168-3, and (2) $735 paid to conduct asset searches to

"determine the best course of action, given [D]efendants' continued avoidance of paying the amounts overdue under the parties' Agreement."  Pl. Reply at 2; Asset Search Invoice, ECF No. 168-2.

Upon review, the Court finds the translation expense adequately documented, reasonable, and of the type commonly reimbursed by courts in this district.  *See Hernandez*, 2017 WL 66325, at *2.  In a similar vein, the asset search fees are documented, justifiable in light of Defendants' failure to timely pay amounts due under the settlement, and they are reimbursable in this district.  *See Guallpa v. N.Y. Pro Signs Inc.*, No. 11 Civ. 3133, 2014 WL 2200393, at *12 (S.D.N.Y. May 27, 2014) (deeming $350 for asset search "plainly . . . reasonable"), *adopted by* 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014); *see also Lora v. J. V. Car Wash, LTC.*, No. 11 Civ. 9010, 2015 WL 4496847, at *16 (S.D.N.Y. July 24, 2015) (awarding asset search fees in FLSA case in light of defendants' threatened insolvency), *adopted by* 2015 WL 7302755 (S.D.N.Y. Nov. 18, 2015).

## CONCLUSION

Accordingly, Plaintiffs' motion is GRANTED in part and DENIED in part.  Plaintiffs' counsel are awarded attorneys' fees in the amount of $25,749.38 and costs in the amount of $1,210, for a total award of $26,959.38.

The Clerk of Court is directed to enter a supplemental judgment against Defendants for $26,959.38 and to terminate the motion at ECF No. 166.

SO ORDERED.

Dated:  April 20, 2018
        New York, New York

_____
ANALISA TORRES
United States District Judge